Antonio Silva MARTINEZ; Maria Luisa Silva, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–70164.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 17, 2009.*

Filed Dec. 7, 2009.

Antonio Silva Martinez, Costa Mesa, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lindsay L. Chichester Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Antonio Silva Martinez and Maria Luisa Silva, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motion to reopen, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying the petitioners' motion to reopen because the petitioners failed to establish that the alleged ineffective assistance of a notario may have affected the outcome of their proceedings. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (to establish ineffective assistance of counsel constituting a due process violation, petitioners must demonstrate that they were prejudiced by their counsel's performance).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

